TIMOTHY COURCHAINE
United States Attorney
District of Arizona

PARKER STANLEY
Arizona State Bar No. 033276
Assistant U.S. Attorney
123 N. San Francisco Street, Suite 410
Flagstaff, Arizona 86001
Telephone: 928-274-4592
Email: parker.stanley@usdoj.gov
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                     Plaintiff,<br><br>        vs.<br><br>Sadiel Jose Martinez-Soto,<br><br>                     Defendant. | CR-25-08020-04-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT** |

The United States, through undersigned counsel, hereby submits its Sentencing Memorandum, respectfully requesting this Court accept the plea agreement and commit Defendant to the Bureau of Prisons for 18 months. This recommendation is based on the reasons set forth below and those provided in the Final Presentence Reports (Doc. 154 in 3:25-CR-08020-DJH). Undersigned counsel concurs with the applicable guidelines calculation.

The United States asks that the Court adopt the Presentence Investigation Report findings that Defendant was an average participant. Defendant argues in their Objection to Presentence Investigation Report that Defendant should be considered a minor participant (Doc. 201 in 3:25-CR-08020-DJH). In support of his position, Defendant argues that he did not plan the offense, did not rent a vehicle, and did not direct other co-conspirators. It is true that the evidence does not indicate that Defendant planned or

coordinated the offense, however, Defense fails to address the fact that the Ford Econoline used in the offense had previously been registered to Defendant (Doc. 211 in 3:25-CR-08020-DJH, ¶ 8). Although the Ford Econoline was registered to another co-conspirator at the time of the offense, it does undermine Defendant's argument that this was an isolated event. Regardless of the registration of the Ford Econoline, Defendant fails to establish that his conduct was "substantially less culpable than the average participant" in the offense. *United States v. Dominguez-Caicedo*, 40 F.4th 938, 960 (9th Cir. 2022).

Proper application of the three-step test for U.S.S.G. § 3B1.2 supports the Presentence Report's finding that Defendant was an average participant *Id*. For the first step, the District Court must determine "all individuals for whom there is sufficient evidence of their existence and participation in the overall scheme." *Id* at 965. However, the District Court need only include actual participants and is not required to include unidentified participants that may hypothetically exist. *Id.* In this case, participants for whom there is sufficient evidence includes Defendant, the co-defendants named in the indictment, and those who initially removed the shoes from the BNSF train prior to Defendant's arrival.

In determining the average levels of culpability of the identifiable parties, Defendant is no less culpable than his co-defendants nor those who removed the shoes from the train. Defendant understood that the shoes were stolen. While Defendant may not have known who removed the good from the train, there is no evidence to suggest that his co-defendants or the initial train burglars had a greater knowledge of the scope and structure of the theft. The evidence only supports that those who removed the shoes from the train left the shoes along the tracks and never returned. Therefore, Defendant's understanding of the scope of the crime was no less than that of the initial train burglars. The level of Defendant's decision making rises to the same level as that of the initial burglars and his co-defendants, since there is no evidence to show either of those two groups had any more decision-making authority in how or when to remove the shoes or what happened to the shoes after they were left near the train tracks.

Defendant's participation in the crime was also equal to the other identifiable participants. Defendant and his co-defendants all actively loaded the trucks with stolen product. While the nature of the initial removal of the shoes from the train was different from Defendant's actions, there is no evidence that the initial removal was more culpable than Defendant's actions. Lastly, Defendant stood to benefit the same amount from the theft as his co-defendants and who removed the shoes from the train. The evidence suggests that all these identifiable participants were recruited to help steal and transport the shows for a fee. While it's possible that some participants stood to make more money from the offense, this would be complete speculation and cannot be considered in determining the relative culpability of the parties. Therefore, Defendant's conduct in this crime makes him an average participant.

For all these reasons, the United States respectfully requests that this Court follow the recommendation of the presentence writer and commit Defendant to the Bureau of Prisons for 18 months

Respectfully submitted this 18th day of August 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

 *s/Parker Stanley*
PARKER STANLEY
Assistant U.S. Attorney

///
///

# CERTIFICATE OF SERVICE

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants: Mark J. Andersen, Counsel for the Defendant; and Todd J. Barrett, United States Probation Office.

 *s/Parker Stanley*
PARKER STANLEY
Assistant U.S. Attorney